CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Long Island Lighting Company, Orange and Rockland Utilities Inc., Southern California Edison Company, Pacific Gas & Electric Company, San Diego Gas & Electric Company, International Paper Company, Weyerhauser Company, and Meadwestvaco Corporation, Plaintiffs–Appellants,

v.

Samuel W. BODMAN, Secretary of Energy and George B. Breznay, Director, Office of Hearings and Appeals, Defendants–Cross Appellants.

Nos. 2005–1309, 2005–1450.

United States Court of Appeals, Federal Circuit.

Oct. 4, 2006.

See also 2006 WL 3039448.

Before LOURIE, Circuit Judge,
CLEVENGER, Senior Circuit Judge, and
BRYSON, Circuit Judge.

### ORDER

BRYSON, Circuit Judge.

Consolidated Edison Company of New York, Inc. et al. (Consolidated Edison) respond to the court's September 13, 2006 order directing them to respond concerning whether we should dismiss these appeals for lack of jurisdiction. The Secretary of Energy et al. respond in support of dismissal.*

Consolidated Edison filed a motion seeking recovery of attorney fees in the United States District Court for the District of Columbia. *Consolidated Edison of New York, Inc. v. Abraham,* No. 03–1991, 2005 WL 354483 (Jan. 26, 2005). The district court noted that Consolidated Edison based its request on the Equal Access to Justice Act (EAJA). The district court determined that EAJA permitted recovery for a portion of the attorney fees sought and granted in part the motion for attorney's fees. Consolidated Edison and the Secretary of Energy each filed appeals directed both to this court and to the United States Court of Appeals for the District of Columbia Circuit. On Consolidated Edison's motion we stayed these appeals pending the District of Columbia Circuit's disposition of its appeals. The District of Columbia Circuit affirmed in part, reversed in part, and remanded.

This court's jurisdiction in cases involving the Economic Stabilization Act (ESA) and Emergency Petroleum Allocation Act (EPAA) is limited. We have jurisdiction in ESA/EPAA cases only in the following circumstances: "(1) resolution of the litigation must have required application or interpretation of the EPAA/ESA or its regulations, and (2) the EPAA/ESA issue must have been adjudicated in the district court." *Texas American Oil Corp. v. United States Department of Energy,* 44 F.3d 1557, 1563 (Fed.Cir.1995) (en banc); *see also Consolidated Edison Co. of New York, Inc. v. Abraham,* 303 F.3d 1310, 1313 (Fed.Cir.2002) (dismissing appeal for lack of jurisdiction because case did not involve ESA/EPAA issue and district court had not adjudicated ESA/EPAA issue). Because it did not appear that the district court had adjudicated an ESA or EPAA issue, we directed Consolidated Edison and the Secretary to respond concerning jurisdiction.

Consolidated Edison argues that this court has jurisdiction because "[a]s the D.C. Circuit has correctly implicitly found, the District Court implicitly and necessarily considered and ruled upon" an issue involving waiver of sovereign immunity pursuant to ESA. Consolidated Edison contends that the District of Columbia Cir-

---

* Counsel for the Secretary should promptly enter an appearance.

cuit made an implicit determination that the district court adjudicated an ESA issue and that determination is binding on this court pursuant to the law of the case principles set forth in *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 819, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). However, Consolidated Edison does not contend that the District of Columbia Circuit actually decided that the district court had adjudicated an ESA issue. Law of the case is not established with respect to issues not actually decided by a court. *See Exxon Corp. v. United States,* 931 F.2d 874, 877 (Fed.Cir.1991).

Because the district court did not adjudicate any ESA or EPAA issues, we lack jurisdiction and dismiss. *See Texas American Oil Corp.,* 44 F.3d at 1563.

Accordingly,

IT IS ORDERED THAT:

(1) The appeals are dismissed.

(2) Each side shall bear its own costs.